### (December 30, 1965)

■ JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al. v. ZIVNOSTENSKA BANKA, NATIONAL CORPORATION et al.— Motion for reargument granted and, upon reargument, the memorandum decision [24 A D 2d 852] of this court filed on November 26, 1965, and the orders of this court entered December 2, 1965, modified to the extent of approving the payments to the accountants, and otherwise the original decision and orders are adhered to. The order dated December 15, 1965, made at Special Term, Part I, pursuant to the orders of this court entered December 2, 1965, is modified in the following respects: (1) The fourth ordering paragraph shall not be applicable to the payments to Peat, Marwick, Mitchell & Co. for accounting services; (2) The fifth ordering paragraph shall be eliminated; (3) The sixth ordering paragraph shall provide for a refund within 30 days instead of 60; (4) The ninth ordering paragraph shall provide for the first hearing to be held as expeditiously as possible, instead of within 90 days; (5) The tenth ordering paragraph shall contain an additional provision that said Justice shall pass upon any application to affirm or disaffirm the Referee's report; (6) The twelfth ordering paragraph, following the word "abeyance" shall contain the following provision: "The final determination of all such matters shall be made by the Justice presiding at Special Term, Part I, at the time the Referee's report is submitted." Concur — Rabin, J. P., Eager and Steuer, JJ.; Valente and McNally, JJ., dissent in part in the following memorandum by Valente, J.: I join with the majority of the court in granting reargument and in the modification of our prior decision to the extent of approving the payment to the accountants. However, I would go further and approve the allowance by Special Term of an interim payment on account of commissions earned by the Permanent Receiver and reimbursement for out-of-pocket expenses incurred by him. Initially, I fail to perceive any basis for treating the Receiver differently from the accountants. Moreover, the interim payment allowed to the Receiver represents the first payment of any kind to him since the commencement of this intricate proceeding in 1952. Unquestionably, the Receiver's statutory commissions, if and when allowed at the conclusion of this proceeding, as well as his proper disbursements, will be considerably more than the amounts allowed as interim payments. The record before us suggests no basis of prejudice to any interested party if the interim payments are approved. Our original determination to withhold the payment of the Receiver commissions and disbursements until the conclusion of the proceedings was designed to provide an incentive to an expeditious disposition. No member of the court intended, at that time, to fix the blame for the extraordinary length of these proceedings on any particular person. That decision directing the appointment of a Referee familiar with the questions involved to hear and report on the Receiver's accounting, the claims of creditors, and administration expenses — with the admonition that hearings be expeditious and as continuous as feasible — will undoubtedly result in a rapid conclusion of this proceeding. Refusal to permit the Receiver to retain the interim allowance and disbursements cannot under the circumstances affect the future expeditious course of this proceeding. There is no legal impediment to those payments. Under the circumstances, I must respectfully dissent from the ruling which would require the Receiver to refund the sums paid to him on account of his commissions and disbursements pursuant to the order of Special Term.